IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

HARLEY E. OWENS,

     Plaintiff,

v.                                        CIVIL ACTION NO.: 1:10-00784

JAMES DAVID OVERSTREET, et al.,

     Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Plaintiff's motion to remand.  (Doc. Nos. 9 & 10).  For the reasons stated below, Plaintiff's motion is **DENIED**.

## I. Factual and Procedural Background

This is a vehicular tort suit lawsuit arising out of an accident between Plaintiff, Harley E. Owens, and Defendant, James D. Overstreet, on February 15, 2008 in McDowell County, West Virginia.  <u>See</u> <u>Memorandum in Support of Motion to Remand, p.1</u>. At the time of the accident, Plaintiff was driving a vehicle owned by his employer.  <u>See</u> <u>id.</u>  Approximately one year after the accident, on February 23, 2009, Plaintiff and Defendant entered into a settlement agreement, under which Defendant's insurance company, Progressive Classic Insurance Company ("Progressive"), agreed to pay Plaintiff $20,000, the policy limit.  <u>See</u> <u>Exhibit 1 to Response to Plaintiff's Motion to Remand, p. 1</u>;

1

See also Response to Motion to Remand, p. 4.  Pursuant to the agreement, Plaintiff promised - among other things - not to enforce any court-ordered judgment against Defendant that Plaintiff might obtain at a future time.  See Exhibit 1 to Response to Plaintiff's Motion to Remand, p. 1.  Plaintiff, however, expressly reserved the right to sue both his and his employer's uninsured/underinsured carrier.  See id.

Plaintiff originally filed this action in the Circuit Court of McDowell County, West Virginia, on February 3, 2010, seeking damages from Defendant for the injuries Plaintiff suffered in the accident.  See Response to Plaintiff's Motion to Remand, at 2. Plaintiff also served a copy of the complaint on Zurich American Insurance Company ("Zurich"), the uninsured and/or underinsured insurance carrier to Plaintiff's employer.  Thereafter, on June 2, 2010, Zurich filed a notice of removal with this court.[1] Zurich asserts that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000.[2]  Relying on 28 U.S.C. § 1332, Zurich invokes the court's diversity jurisdiction as the basis for removal.

---

[1] Allstate Insurance Company ("Allstate"), Plaintiff's uninsured/underinsured carrier consented to the removal of the lawsuit.  (See Doc. No. 6).  Allstate is not a named party in the lawsuit.

[2] Plaintiff is a Virginia resident; Zurich is an Illinois corporation; and Defendant is a West Virginia resident, but a nominal party to the litigation.

Plaintiff's motion to remand first argues, somewhat tacitly, that Zurich is not a real party to this action and therefore has no basis for removing the case.  Second, Plaintiff contends that since Zurich has thus far chosen to defend the lawsuit in Defendant's name, rather than in Zurich's own name, there is no possibility of jury bias against Zurich since Defendant is a West Virginia resident.  Consequently, Plaintiff asserts, the chief policy justification for diversity jurisdiction is defeated. Lastly, Plaintiff asserts that Defendant Overstreet is a real party to the lawsuit and therefore his West Virginia citizenship defeats removal.

## **II. Analysis**

*A. The Status of Zurich as a Real Party*

Where a plaintiff is seeking uninsured or underinsured coverage from an insurance carrier, West Virginia law gives the insurance carrier the right to substantially participate in the underlying lawsuit as though the insurer were itself a party. Specifically, W. Va. Code § 33-6-31(d) provides that:

> Any insured intending to rely on the coverage required
> by subsection (b) of this section shall, if any action
> be instituted against the owner or operator of an
> uninsured or underinsured motor vehicle, cause a copy
> of the summons and a copy of the complaint to be served
> upon the insurance company issuing the policy, in the
> manner prescribed by law, as though such insurance
> company were a named party defendant; such company
> shall thereafter have the right to file pleadings and
> to take other action allowable by law in the name of
> the owner, or operator, or both, of the uninsured or
> underinsured motor vehicle or in its own name.

3

Plaintiff's motion to remand recognizes the applicability of § 33-6-31(d) to the instant case.  See Memorandum in Support of Motion to Remand, p. 3.  Although Plaintiff does not explicitly invoke the statute, Plaintiff discusses the option that Zurich has to defend either in its own name or in Defendant's name – an option that comes directly from the above-cited section.  Id. Given that the statute gives Zurich substantial latitude to participate in the proceedings by, among other things, filing pleadings, the court finds that Zurich is a real party to the instant case and therefore had the power to file this notice of removal.

B. Evaluation of Potential Jury Bias Toward Zurich

28 U.S.C. § 1332 sets forth the requirements for diversity jurisdiction in federal court.  The first critical qualification is that the parties have complete diversity of citizenship. Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806).  Second, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).  Defendant is correct that one justification for vesting the federal courts with diversity jurisdiction in the past was to minimize the bias out-of-state defendants may face in state court.  Nonetheless, a federal court is not required to inquire into the potential sources, or the possible extent of any such bias in any particular case.

4

Plaintiff contends that since Zurich has chosen to defend in Defendant's name - as opposed to in its own name - Zurich faces no potential jury bias in West Virginia state court and therefore removal is inappropriate, since the very danger diversity jurisdiction seeks to avoid is absent in this case.  Plaintiff's suggestion is that since Defendant is a West Virginia citizen, and since Zurich would not be revealing its own name or corporate identity to the jury, there is no chance that Zurich would suffer prejudice.

Nothing in 28 U.S.C. § 1332 requires the court to make a determination regarding possible bias based on the individual circumstances of a particular case when deciding whether the court has diversity jurisdiction.  The statutory requirements are relatively simple and straightforward and require no subjective investigation of prejudice on the part of the court.

Accordingly, the court finds Plaintiff's argument with respect to a lack of actual, demonstrated bias immaterial to the determination of whether diversity jurisdiction exists.

*C. Status of Defendant Overstreet as a Nominal Party*

Under the United States Supreme Court precedent in Strawbridge v. Curtiss, diversity jurisdiction only exists where there is complete diversity of the parties in the case.  Complete diversity requires that "no party shares common citizenship with any party on the other side."  Mayes v. Rapoport, 198 F.3d 457,

461 (4th Cir. 1999).  As soon as a party on one side has the same
citizenship as a party on the other side of the lawsuit,
diversity jurisdiction is extinguished.  The requirement of
complete diversity is not without exception, however.  Id.

A court must not consider the citizenship of "nominal
parties" – that is, parties who are "without a real interest in
the litigation." Navarro Savings Ass'n v. Lee et al., 446 U.S.
458, 461 (1980); Spencer v. Harris et al., 394 F. Supp. 2d 840,
843 (S.D.W. Va. 2005)(citing Bumberger v. Ins. Co. of N.A., 952
F.2d 764, 767 (3d Cir. 1991)).  When determining whether
diversity jurisdiction exists, "the general rule is that
citizenship of the real parties in interest is determinative for
purposes of diversity jurisdiction." Id. at 844 (citing Roche v.
Lincoln Prop. Co., 373 F.3d 610, 615 (4th Cir. 2004)).  In turn,
"a 'real party in interest' is one who has a 'substantial stake'
in the outcome of the case." Id.

Courts have looked to numerous factors in deciding whether
someone is a real party in interest.  First, a court will
consider the level of control that the party retains over the
litigation.  Kidd et al. v. Gilfilen et al., 170 F. Supp. 2d 649,
651 (S.D.W. Va. 2001).  This can be evidenced by the party's
appearance in the proceedings.  Id. at 652.  Second, a court will
look to the weightiness of the party's interest in the
litigation.  Id. at 651.  To determine the significance of the

interest, a court will often consider the likelihood that the party will incur financial liability as a result of later proceedings.  Id.  Third, a court will take into account whether the party has retained counsel.  Spencer, 394 F. Supp. 2d at 843. Finally, a court will consider whether the party has given a statement or a deposition.  Id. at 845.

Based on the above-enumerated factors, the court finds that the Defendant Overstreet in this case is a nominal party. Defendant's level of control over the litigation appears to be minimal.  The parties have submitted no evidence to suggest that Defendant has made any appearances in the proceedings, or that Defendant plans to make any in the future.  Furthermore, Defendant has neither made a statement nor given a deposition. The Defendant's counsel is also the same as counsel for Zurich. This suggests that Defendant does not plan to retain a significant amount of individual control and latitude over litigation strategy; instead, it appears that Defendant is happy to share the decision-making with Zurich.

Perhaps most importantly, Defendant does not face any financial liability in this lawsuit because of the settlement agreement that Plaintiff entered into with Defendant and Defendant's insurance company, Progressive.  The settlement agreement unequivocally provides that Plaintiff may not enforce any judgment Plaintiff might secure against Defendant.  This

7

effectively leaves the Defendant judgment-proof and beyond Plaintiff's reach as far as financial liability is concerned. Plaintiff urges, however, that the court should remain mindful of any subrogation rights Zurich or Allstate (Plaintiff's personal uninsured/underinsured carrier) might have against Defendant under Virginia law, which governs Plaintiff's insurance contracts.   See Memorandum in Support of Motion to Remand, p.4. Although Virginia law might subrogate both Zurich and Allstate to Plaintiff's rights against Defendant, this right of subrogation would be hollow for the simple reason that Plaintiff has no remaining right to recover money from Defendant pursuant to the settlement agreement.   Therefore, as far as financial liability is concerned, Defendant has a non-existent stake in the litigation.

That is not to say, however, that Defendant has no interest whatsoever.  He might be found to be a reckless driver as a result of a trial, in which case Defendant may have a much harder time obtaining a driver's license in the future and might have to pay more for insurance coverage.  These consequences, however, are much more uncertain in their extent and scope.  Compared with the certainty of not facing financial liability, these other possible interests are too speculative to make Defendant a real party to this case.

On balance, the court finds that Defendant is a nominal party to this litigation.  The facts, circumstances and procedural posture of this case appear similar to those in <u>Kidd et al. v. Gilfilen et al.</u>, where the court noted that "Practically, [the defendant] is named only as a means to a more substantial end, namely the establishment of her liability for resulting damages to the [plaintiffs] so as to trigger [plaintiff's insurance company's] inchoate obligation to pay on its uninsured motorist coverage."  <u>Kidd</u>, 170 F. Supp. 2d at 652. As such, the court must not consider Defendant's citizenship for purposes of determining diversity jurisdiction.

### III. Conclusion

Because Plaintiff is a resident of Virginia and because Zurich is a resident of Illinois, there is complete diversity of citizenship between the parties.  Accordingly, since the amount in controversy exceeds $75,000, the court has diversity jurisdiction over the instant case.  Plaintiff's motion to remand is **DENIED**.

The Clerk is requested to forward a copy of this Memorandum Opinion and Order to all counsel of record.

It is **SO ORDERED** this 15th day of November, 2010.

ENTER:

David A. Faber
Senior United States District Judge

9